Adam M. Rose (210880)
adam@frontierlawcenter.com
Manny M. Starr (319778)
manny@frontierlawcenter.com
Daniel Ginzburg (327338)
dan@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Road, STE #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
Junior Aguilar

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR AGUILAR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN-PARAGON PROTECTIVE SEVICES, LLC., AMERICAN EAGLE PROTECTIVE SERVICES CORP., and DOES 1 to 10,<br><br>Defendants. | CASE NO.<br><br>COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT<br><br>1. Unpaid Minimum Wages<br>2. Unpaid Overtime<br><br>JURY TRIAL DEMANDED |

Plaintiff Junior Aguilar, on behalf of himself and all others similarly situated, hereby states his causes of action against Defendants American-Paragon Protective Services, LLC., American Eagle Protective Services Corp., and Does 1-10, (collectively "Defendants") as follows:

**PARTIES**

1. Plaintiff Junior Aguilar is a resident of Contra Costa County. Plaintiff's written consent to participate in this action is attached.

2. The "Collective" is defined as all present and former non-exempt security guards employed by Defendants in California within three years prior to the date of the filing of this action through the date of judgment or approval, whichever is earlier.

3. Defendant American-Paragon Protective Services, LLC ("American-Paragon") is a Texas limited liability company that is authorized to do business in the State of California. Any acts or omissions of American-Paragon's employees as alleged herein occurred while they were working within the course and scope of their employment.

4. Defendant American Eagle Protective Services Corp. ("American Eagle") is a Texas corporation that is authorized to do business in the State of California. Any acts or omissions of American Eagle's employees as alleged herein occurred while they were working within the course and scope of their employment.

5. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as Does 1 to 10, and therefore sues said Doe Defendants by such fictitious names. Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants when the information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below and are therefore liable.

### JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Labor Standards Act.

7. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the acts or omissions giving rise to these claims occurred at Moffett Federal Airfield.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-2, the case should be assigned to the San Jose Division since the action arose in Santa Clara County.

## GENERAL ALLEGATIONS

9. At all times relevant, Plaintiff and the Collective were Defendants' employees.

10. At all times relevant, Defendants, directly or indirectly, were the employers and/or joint employers of Plaintiff and the Collective.

11. At all times relevant, Plaintiff and the Collective were permitted to work by, and economically dependent upon, the business of Defendants.

12. At all times relevant, Defendants jointly determined, shared, or allocated the power to direct, control, or supervise Plaintiff and the Collective through direct and/or indirect means.

13. At all times relevant, Defendants jointly controlled all aspects of Plaintiff and the Collective's work duties, set their pay and schedule, and acted in such a way that Defendants were employers within the meaning of the FLSA.

14. At all times relevant, Defendants formally and/or as a matter of practice, jointly determined, shared, or allocated the power to – directly or indirectly – hire or terminate Plaintiff and the Collective or to modify the terms of, or conditions of, their employment.

15. At all times relevant, either formally or as a matter of practice, Defendants jointly determined, shared, or allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll and providing the facilities, tools, or materials necessary for Plaintiff and the Collective to complete their work.

16. At all times relevant, Defendants jointly reaped benefits from the non-payment and/or underpayment of wages to Plaintiff and the Collective.

17. Plaintiff and members of the Collective are armed security guards.

18. When Plaintiff and the Collective arrived at work, they were required to shave and shine their boots and don their uniforms, bullet-proof vests, belts, and radios.

19. After Plaintiff and the Collective were in their uniforms, they were then required to wait for the weapon vault to open so that they could retrieve their weapons.

20. The weapon vault was only opened at the time their shift was scheduled to begin.

21. Since the weapon vault was only opened at the time their shift was scheduled to begin, and because they were required to start their shift armed and in full uniform, it follows that Plaintiff and the Collective were required to arrive prior to their shift start time in order to don their uniforms. However, Plaintiff and the Collective were not paid for this time in violation of *Frlekin v. Apple, Inc*., 8 Cal.5th 1098 (2020).

22. On average, Plaintiff and the Collective were required to arrive at the worksite approximately 20 minutes early in order to have time to shave, shine their boots, don their uniforms, and wait to retrieve their weapons

23. During this time, Plaintiff and the Collective were not considered "on the clock" and were therefore not paid for this pre-shift activity.

24. Likewise, after the end of each shift, Plaintiff and the Collective were required to doff their uniforms and return their weapons.

25. The doffing process took approximately 10 minutes and, as with the pre-shift activity described above, Plaintiff and the Collective were not considered "on the clock" during this time and were therefore not paid for this post-shift activity.

26. As a result of their failure to receive wages for these compensable donning and doffing periods, Plaintiff and the Collective were underpaid wages.

27. Additionally, Plaintiff and the Collective were paid on an hourly basis but were paid different rates for different shifts – otherwise known as a "shift differentials."

28. When computing the regular rate for Plaintiff and the Collective,

Defendants only used the base rate to calculate overtime. However, Defendants were required to use the weighted average of all rates and wages paid.

29. Under the FLSA, a weighted average method is appropriate when more than one hourly rate is paid to the employee. The weighted average should have included the shift differential payments and the health and welfare payments. The health and welfare payments did not meet the criteria in 29 CFR § 778.215 so the health and welfare payments should have been included in the regular rate calculation.

30. Under the weighted average method, total earnings are divided by the number of hours worked to arrive at the regular rate of pay. 29 C.F.R. § 778.115. This regulation provides: "Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs."

31. As a result of Defendants' failure to use the weighted average to calculate the regular rate for overtime, Plaintiff and the Collective were not properly compensated for overtime worked.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings these causes of action under the FLSA as a collective action pursuant to 29 U.S.C. § 201, et seq, on behalf of all present and former non-exempt security guards employed by Defendants in California within three years prior to the date of the filing of this action through the date of judgment or approval, whichever is earlier.

33. At all relevant times, Plaintiff and Collective have been similarly situated and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them for all

their hours worked, and pay for all overtime owed.

34. These Causes of Action for violations of the FLSA are being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
## VIOLATION OF FLSA – UNPAID MINIMUM WAGES
### Against All Defendants

35. Plaintiff and the Collective re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

36. Defendants were required to pay Plaintiff and the Collective the minimum wage as set forth in 29 U.S.C. § 206.

37. At all times relevant, Defendants had a policy and practice of refusing to pay Plaintiff and the Collective for compensable "donning and doffing" time.

38. At all times relevant, Defendants' practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff and the Collective.

39. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the Collective the minimum wage.

40. Accordingly, Plaintiff and Collective are entitled to recover wages for all time spent "donning and doffing" their uniforms as damages for Defendants' violations of the FLSA's minimum wage provisions.

41. The conduct alleged herein constitutes a willful violation of the FLSA; which extends the statute of limitations to three years.

42. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective have suffered damages and seek recovery of their unpaid wages.

43. Because Defendants' violation of the FLSA's minimum wage provisions were willfully committed, Plaintiff and the Collective are also entitled to liquidated damages in an amount equal to the total amount of unpaid wages.

## SECOND CAUSE OF ACTION

## VIOLATION OF FLSA – UNPAID OVERTIME

### Against All Defendants

44. Plaintiff and the Collective re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

45. Pursuant to the FLSA, Plaintiff and the Collective were entitled to overtime pay at a rate of 1.5 times their regular rate of pay for every hour worked in excess of 40 hours during the workweek pursuant to 29 USC § 207.

46. At all times relevant, Defendants failed to compensate Plaintiff and the Collective at a rate of 1.5 times their regular rate of pay for all hours in excess of 40 hours during the workweek because Defendants did not properly use the weighted average in calculating Plaintiff and the Collective's regular rate of pay.

47. Furthermore, because the off-the-clock time spent donning and doffing their uniforms was often overtime, Plaintiff and the Collective regularly worked overtime hours which were not compensated at all.

48. The actions of Defendants as alleged herein constitute a willful violation of the FLSA's provisions relating to overtime pay, extending the statute of limitations to three years.

49. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective have suffered damages and seek recovery of their unpaid overtime wages.

50. Because Defendants' violation of the FLSA's overtime provisions were willfully committed, Plaintiff and the Collective are entitled to liquidated damages in an amount equal to the total amount of unpaid overtime compensation.

51.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and the Collective, Plaintiff prays for relief as follows:

A) As to the First Cause of Action: That the court grant an award of unpaid wages and an equal amount in liquidated damages to Plaintiff and the Collective.

B) As to the Second Cause of Action: That the court grant an award of grant an award of unpaid overtime wages and an equal amount in liquidated damages to Plaintiff and the Collective.

C) As to All Causes of Action:

    i. Certification as an FLSA collective action;

    ii. Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to 28 U.S.C. § 216(b);

    iii. Designation of Plaintiff as representative of the collective action;

    iv. Designation of Plaintiff's counsel as class counsel for the collective action;

    v. An award of costs, interest, and attorney's fees to the extent, if any, allowed by law; and

    vi. For such other and further relief as this Court deems just and proper.

Date: March 17, 2020                                FRONTIER LAW CENTER

                                                        /s/ Adam Rose
                                                        Attorney for Plaintiff
                                                        Junior Aguilar

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Fed. R. Civ. Pro. 38(b).

Date: March 17, 2020                                FRONTIER LAW CENTER

                                                        /s/ Adam Rose
                                                        Attorney for Plaintiff
                                                        Junior Aguilar