Shannon B. Nakabayashi (State Bar No. 215469)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Shannon.Nakabayashi@jacksonlewis.com

Isabella L. Shin (State Bar No. 294937)
JACKSON LEWIS P.C.
333 West San Carlos St., Suite 1625
San Jose, California 95110
Telephone: (408) 579-0404
Facsimile: (408) 454-0290
E-mail: Isabella.Shin@jacksonlewis.com

Attorneys for Defendants
AMERICAN-PARAGON PROTECTIVE SERVICES, LLC AND AMERICAN EAGLE PROTECTIVE SERVICES CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR AGUILAR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN-PARAGON PROTECTIVE SERVICES, LLC., AMERICAN EAGLE PROTECTIVE SERVICES CORP., and DOES 1 to 10,<br><br>Defendants. | Case No. 5:20-cv-01982-SVK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Date:    December 16, 2020<br>Time:    10:00 a.m.<br>Ctrm.:    6 – 4th Floor<br>Judge:    Hon. Susan van Keulen<br><br>Complaint Filed:   03/20/2020<br>Trial Date:              Not set |

## I. INTRODUCTION

Plaintiff Junior Aguilar's ("Plaintiff") claims should be compelled to arbitration. Plaintiff was employed by Defendant American-Paragon Protective Services, LLC ("APPS") as a Security Police Officer at the NASA Ames Research Center. At all relevant times, Plaintiff's employment with APPS was governed by a Collective Bargaining Agreement between APPS and the United Government Security Officers of America, International Union, and its Local 403 ("CBA"). The CBA contains an express provision that requires employees to submit any claims pursuant to the Fair Labor Standards Act ("FLSA") to binding arbitration.

Federal law requires employees covered by a CBA to arbitrate statutory labor claims where the CBA "clearly and unmistakably" requires arbitration of such claims. Circuit courts, including the 9th Circuit, have ruled that the clear and unmistakable standard is met where the CBA explicitly incorporates the specific statutes at issue. The CBA in this case explicitly incorporates and requires arbitration of the statutory rights that are being alleged by Plaintiff in his complaint. Accordingly, this Court should order Plaintiff to submit his claims to arbitration pursuant to the CBA and dismiss the action, or in the alternative, stay the action pending arbitration.

## II. STATEMENT OF FACTS

### A. Plaintiff's Employment Was Governed by a Collective Bargaining Agreement.

APPS provides facilities support and security services for government and commercial customers throughout the United States. (Declaration of Kathleen Peschel ("Peschel Decl."), ¶ 3.) The Ames Research Center ("ARC") is a NASA research center located on Moffett Federal Airfield. *Id.* APPS provides protective services to ARC including, but not limited to, uniformed security operations, infrastructure security, and visitor registration/pass processing. *Id.* APPS employs security personnel to perform the various protective services at ARC and to other companies who contract to do business onsite, including Google. *Id.* NASA's work at ARC encompasses spaceflight and information technology. *Id.* ARC also develops tools for a safer, more efficient national airspace. *Id.*

Plaintiff was hired as a Security Police Officer by APPS on or about April 29, 2019 to perform security services at ARC. Peschel Decl, ¶ 4. Plaintiff quit his employment on or about January 29, 2020 to work for the U.S. Customs and Immigration Service. *Id.* At all relevant times, the terms and conditions of Plaintiff's employment were governed by the CBA. (*Id.*, Exh. A.)

The CBA governing Plaintiff's employment contains a provision titled "Grievance Procedures" that governs how to resolve any disputes between the Union, the Company and/or the employee. *Id.* ¶ 5, Exh, A. art. 6. Section 12 of the Article 6 of the CBA states, in relevant part:

> Section 6.6 through 6.11 notwithstanding, the following rules shall apply whenever an employee covered by this Agreement or the Union asserts a common law or statutory claim other than solely a claim that the Company has failed to comply with the terms of this Agreement…If the dispute has not been resolved pursuant to the procedures outlined in Section 6.1 through 6.5, the resolution of the claim shall be resolved exclusively by means of binding arbitration in accordance with the Employment Dispute Resolution Rules of JAMS, in San Jose or in such location that the arbitrator determines is more convenient for the parties. If the Employee's claim is under any civil rights law (or if otherwise required by applicable law or JAMS to make this duty to arbitrate enforceable as to any other claim), the Company shall pay the cost of the arbitration proceeding hereunder (administrative and arbitrator fees) reasonably allocable to such claims. The arbitrator shall have the authority to award preliminary and final injunctive relief. The arbitrator shall also have the authority to modify the provisions of this Agreement relating to the duty to arbitrate to the extent the arbitrator determines that such modification is necessary in order to make this duty to arbitrate enforceable.

Exh, A. art. 6, § 12.

The CBA also contains a provision that expressly incorporates the FLSA and explicitly states that any claims brought pursuant to the FLSA are subject to the grievance and arbitration procedure. Peschel Decl, ¶ 6, Exh, A. art. 3, § 2. The full text of this provision is as follows:

> It is expressly agreed and understood that the dispute resolution procedures set forth in this agreement shall be the sole and exclusive forum for resolving all claims, demands or actions arising under state or federal law arising from the employment relationship between the Company and you to the fullest extent permitted by such laws. Such laws shall include, but not be limited to, the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.O. §2000e et seq.), the Rehabilitation (29 U.S.C. § 793 et seq.), the Civil Rights Act of 1966 and 1971 (42 U.S.C. § 1981 & 1983),

> Executive Order 11246 the Americans with Disabilities Act (42 U.S.C §12101 et seq.), .the Civil Rights Act of 1991 (Pub. L 102-66), the Family and Medical Leave Act of 1993 (29 U.S.G. § 2601 et seq.), the Equal Pay Act (29 U.S.C. § 201 et seq.), and Disabled & Viet Nam Veterans Act (38 U.S.C. §4212), applicable state employment and wage and hour laws, **the Fair Labor Standards Act,** and any other state or federal law relating to employment discrimination or termination, statute or common law.

Exh, A. art. 3, § 2 (emphasis added).

### B. Plaintiff's Claims.

On March 20, 2020, Plaintiff filed the instant collective action complaint against both APPS and Defendant American Eagle Protective Services[1] (collectively "Defendants") under the FLSA ("Complaint"). Plaintiff alleges that Defendants violated FLSA by: (1) failing to pay minimum wages pursuant to 29 U.S.C. § 206, and (2) failing to pay overtime wages pursuant to 29 U.S.C. § 207. Specifically, Plaintiff claims that he and other APPS security personnel were required to perform pre-and postliminary duties without compensation because he and the putative class members were not compensated for arriving to work early to shave, shine their shoes, change into their uniforms, and retrieve their firearms. Plaintiff further claims that the APPS failed to pay overtime at the appropriate blended regular rate because APPS miscalculated regular rate by failing to include shift differentials and health and welfare benefits in the calculations. There are no California state law claims.

## III. LEGAL ARGUMENT

### A. Federal Law Mandates Arbitration of Statutory Wage and Hour Claims Where the Collective Bargaining Agreement Cleary and Unmistakably Requires Arbitration of Such Claims.

The Federal Arbitration Act ("FAA") applies to contracts affecting interstate commerce and requires courts to enforce a written agreement to arbitrate contained in any such contract. 9 U.S.C. § 2. Under the FAA, a court must grant a motion to compel arbitration and stay the lawsuit pending arbitration if (1) a valid agreement to arbitrate between the parties exists and (2) the plaintiff's claims fall within the substantive scope of the valid arbitration agreement. *See,*

---

[1] Defendants maintain that AEPS is an improper defendant in this matter as it did not hire, employ or control Plaintiff's employment in any way. APPS is a sister company to AEPS but have completely separate operations. Plaintiff at all times was an employee of APPS alone.

1  *e.g.*, *Pennzoil Exploration & Prod. Co. v. Ramco Energy, Ltd.*, 139 F.3d 1061, 1065 (5th Cir.
2  1998). The FAA ensures enforcement of arbitration agreements. 9 U.S.C. § 1, *et seq.*; *see AT&T*
3  *Mobility LLC v. Concepcion* 563 U.S. 333, 344 (2011). By enacting the FAA, Congress placed
4  arbitration agreements on equal footing with other contracts and declared a strong national policy
5  favoring arbitration. *Concepcion*, 563 U.S. at 339. Consequently, courts liberally compel
6  arbitration under the FAA. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)
7  (internal citations omitted). This strong federal policy in favor of arbitration applies equally in
8  the employment context. *Id.*; *See, e.g., Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122-23
9  (2001).

10  "A union representative may agree on an employee's behalf as part of the collective
11  bargaining process to require the employee to arbitrate controversies relating to an interpretation
12  or enforcement of a CBA." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009). "Courts
13  generally may not interfere in this bargained-for exchange." *Id.* at 257. In *Penn Plaza*, the
14  Supreme Court held that "a collective-bargaining agreement that clearly and unmistakably
15  requires union members to arbitrate" statutory claims is "enforceable as a matter of federal law."
16  *Id.* at 258. *See also, Wright v. Universal Maritime Service Corp*, 525 U.S. 70, 80 (1998) ("[w]e
17  will not infer from a general contractual provision that the parties intended to waive a statutorily
18  protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be
19  clear and unmistakable." (citation and alteration omitted)). While *Penn Plaza* and *Wright*
20  involved statutory discrimination claims, the clear and unmistakable standard has been applied to
21  other statutory rights, including the FLSA. *See*, *e.g.*, *Jonites v. Exelon Corp.*, 522 F.3d 721, 725
22  (7th Cir. Ill. April 3, 2008); *Martinez v. J. Fletcher Creamer & Son, Inc.*, No. CV 10-0968 PSG
23  (FMOx), 2010 U.S. Dist. LEXIS 93448 (C.D. Cal. Aug. 13, 2010); .

24  Although undefined, this high standard is met in the Ninth Circuit when the CBA
25  "incorporates the statutes at issue or includes a clause that expressly refers to statutory claims."
26  *Munger v. Cascade Steel Rolling Mills, Inc.*, 2019 U.S. Dist. LEXIS 73502, *9 (9th Cir. 2019);
27  *see also*, *Martinez*, *supra*, at *4 ("As in *Wright*, the CBA in this case does not contain a clear and
28  unmistakable waiver of Plaintiff's statutory claims because the CBA does not expressly reference

any of the statutory provisions at issue.").

Courts in other circuits have also espoused the clear and unmistakable standard. *Cavallaro v. Umass Memorial Healthcare, Inc.*, 678 F.3d 1, 7 n.7 (1st Cir. 2012) ("A broadly-worded arbitration clause . . . will not suffice; rather, something closer to specific enumeration of the statutory claims to be arbitrated is required."); *Carson v. Giant Food, Inc.*, 175 F.3d 325, 331 (4th Cir. 1999) ("Broad, general language is not sufficient to meet the level of clarity required to effect a waiver in a CBA."); *Ibarra v. United Parcel Serv.*, 695 F.3 354, 359-60 (5th Cir. 2012) ("[C]ourts have concluded that for a waiver of an employee's right to a judicial forum for statutory discrimination claims to be clear and unmistakable, the CBA must, at the very least, identify the specific statutes the agreement purports to incorporate or include an arbitration clause that explicitly refers to statutory claims."). Thus, where a CBA explicitly incorporates the statutes at issue, it must be enforced as a matter of law.

### B. The Applicable CBA Clearly and Unmistakably Requires Arbitration of Plaintiff's Claims.

At all relevant times, Plaintiff's employment was governed by the CBA. The FAA applies to the CBA because the work performed by NASA at ARC effects national airspace and programs, which is within the flow of interstate commerce. 9 U.S.C. § 2. Moreover, APPS provides security services throughout the United States. As such, the FAA applies and Defendants motion to compel arbitration and dismiss the action should be granted because: (1) a valid agreement to arbitrate between the parties exists, and (2) Plaintiff's claims fall within the substantive scope of the valid arbitration agreement.

Moreover, the CBA governing Plaintiff's employment satisfies the clear and unmistakable standard pursuant to *Penn Plaza, Wright,* and their progeny. The CBA contains a grievance and arbitration procedure that covers all disputes between the Union, the Company, and the employees. Exh. A. art. 6. In addition, the CBA expressly states that the parties agree that "the dispute resolution procedures set forth in this agreement shall be the sole and exclusive forum for resolving all claims, demands or actions arising under state or federal law…Such laws shall include, but not be limited to…the Fair Labor Standards Act…" Exh. A. art. 3, § 2. Read

together, Articles 3 and 6 of the CBA clearly and unmistakably establish that any and all disputes arising from the FLSA are subject to the mandatory grievance and arbitration procedures set forth in the CBA.

Plaintiff instituted this collective action alleging violations of his statutory rights under the FLSA.  Indeed, Plaintiff's Complaint is comprised of two causes of action that are based wholly on alleged violations of the FLSA: (1) unpaid minimum wages, and (2) unpaid overtime wages. Additionally, unlike the majority of cases in the Ninth Circuit where CBA's were found insufficient to compel arbitration, the CBA in this case expressly references the statutory claims at issue in Plaintiff's Complaint.  c*f. Martinez, supra*, at *4 ("…the CBA in this case does not contain a clear and unmistakable waiver of Plaintiff's statutory claims because the CBA does not expressly reference any of the statutory provisions at issue.").

In *Martinez,* the plaintiff filed a complaint alleging violations of the FLSA and various sections of the California Labor Code.  *Martinez, supra*, at *5.  The defendant moved for summary judgment on the grounds that the plaintiff's claims were covered by a CBA and subject to the grievance and arbitration procedure contained therein.  *Id.* at *6. The CBA in *Martinez* specifically referenced Wage Order 16, but no other statutes. *Id.* at *12-14.  The Central District Court denied the defendant's motion for summary judgment "because the CBA does not directly reference the statutes at issue and, thus, does not 'clearly and unmistakably' waive Plaintiff's rights under those statutes." *Id.* at *15.  As stated previously, the CBA in this matter directly and expressly references the FLSA, thus, the clear and unmistakable language of the CBA compels arbitration of all of Plaintiff's claims.[2]

### C.   The Court Must Dismiss or Stay the Complaint.

Under the FAA, once the Court determines that there is a valid and enforceable arbitration clause covering the claim at issue, the Court must stay all proceedings and order the parties to arbitration.  9 U.S.C. § 3.  Although Section 3 of the FAA discusses a stay, the dismissal of all

---

[2] In an abundance of caution, Defendants note that *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal. 4th 83 (2000), is inapplicable to this matter because (1) Plaintiff alleges no state law claims, and (2) *Armendariz* did not address the enforceability of CBA provisions for arbitration of statutory claims. Thus, the FAA controls, not *Armendariz*.

claims subject to arbitration is not inconsistent with this provision. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (when the dispute is subject to arbitration, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration"); *FedMet Corp. v. M/V Buyalyk,* 194 F.3d 674, 676 (5th Cir. 1999) ("district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3"). Because Plaintiff's claims are subject to arbitration, after ordering the parties to arbitration, the Court may—and should—dismiss the Complaint in its entirety. Alternatively, the Court may enter a stay pending arbitration.

## VI.  CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to Compel Arbitration, order Plaintiff to submit his claims to arbitration pursuant to the CBA and dismiss the action, or in the alternative, stay the action pending arbitration.

Dated: October 16, 2020                        JACKSON LEWIS P.C.

                                By:    /s/ *Shannon B. Nakabayashi*
                                       Shannon B. Nakabayashi
                                       Isabella L. Shin

                                       Attorneys for Defendants
                                       AMERICAN-PARAGON
                                       PROTECTIVE SERVICES, LLC.
                                       and AMERICAN EAGLE
                                       PROTECTIVE SERVICES CORP.

4819-3990-9838, v. 3